UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DALTON YORK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-00754-JPH-DLP |
| | ) |
| CMG RENTALS LLC, | ) |
| DARRIN GARRETT, | ) |
| DELAWARE COUNTY INDIANA, | ) |
| BLACKFORD COUNTY INDIANA, | ) |
| ERIC C. WELCH, | ) |
| WELCH AND CO LLC, | ) |
| THOMAS A. CANNON, | ) |
| JOHN M. FEICK, | ) |
| JOHN N. BARRY, | ) |
| | ) |
| Defendants. | ) |

**SHOW CAUSE ORDER**

Plaintiff Dalton York has filed a complaint alleging that Defendants stalked him, did not provide a habitable rental house, did not make repairs, stole his personal property, and retaliated against him for requesting repairs and not letting them into his rental house,. Dkt. 1. He also alleges that the local trial court denied him due process. *Id.* Mr. York seeks an emergency hearing and other unspecified relief. *Id.*

Federal courts are courts of limited jurisdiction. In order to hear and rule on the merits of a case, a federal court must have subject-matter jurisdiction over the issues. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). If the Court determines at any time that it lacks subject-matter jurisdiction, it must dismiss the case. Fed. R. Civ. P. 12(h)(3); *see*

1

*Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("[F]ederal courts are obligated to inquire into the existence of jurisdiction *sua sponte.*").

The Court does not appear to have jurisdiction over Mr. York's claims. The Supreme Court has explained the two basic ways to establish subject-matter jurisdiction:

> The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for federal-question jurisdiction, § 1332 for diversity of citizenship jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim arising under the Constitution or laws of the United States. She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000.

*Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (citations and quotation omitted).

Mr. York's complaint alleges federal-question jurisdiction, citing 28 U.S.C. § 1353 and 42 U.S.C. § 1983. But those statutes allow civil actions for the deprivation of federal rights. 42 U.S.C. § 1983; *see Wernsing v. Thompson*, 423 F.3d 732, 741 (7th Cir. 2005). Here, Mr. York's only alleged deprivation of federal rights is the local trial court depriving him of his due process rights. *See* dkt. 1; *Schmitt v. Beekay Dev., LLC*, No. 3:06-cv-99-RLY-WGH, 2008 WL 2691071 at *7 (S.D. Ind. July 3, 2008) (citing *Choung v. Iemma*, 708 N.E.2d 7, 12 (Ind. Ct. App. 1999)). Moreover, it appears from the complaint that Mr. York has raised most of his claims to the state trial court. Dkt. 1 at 10. This

Court therefore lacks jurisdiction over those claims under the *Rooker–Feldman* doctrine. *See Downs v. IndyMac Mortg. Servs., FSB*, 560 Fed. App'x 589, 591–92 (7th Cir. 2014); *Chambers v. Habitat Co.*, 69 Fed. App'x 711 (7th Cir. 2003).

The *Rooker–Feldman* doctrine also means that this Court does not have jurisdiction over Mr. York's claim that the state court violated his due process rights. *See Gilbert v. Ill. State Bd. of Education*, 591 F.3d 896, 900–901 (7th Cir. 2010). Granting relief on this claim would invalidate the state court's judgment, which is "precisely what is forbidden by *Rooker–Feldman*." *Id.* Mr. York is instead required to appeal the judgment in the Indiana state courts. *See id.* The Court therefore does not appear to have federal question jurisdiction over any of Mr. York's claims.

Nor does the Court appear to have diversity jurisdiction over Mr. York's claims because he and Defendants all appear to be Indiana citizens. Dkt. 1 at 1–2.

Mr. York shall have **through April 30, 2020** to file an amended complaint or otherwise show cause why this case should not be dismissed for lack of subject-matter jurisdiction. If he does not respond, the Court will dismiss this case without prejudice for lack of subject-matter jurisdiction.

**SO ORDERED.**

Date: 3/19/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DALTON YORK
3305 N. Allison Road
Muncie, IN 47304